# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| FERNANDO CARRILLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 10-00500-CV-W-GAF |
| | ) | Crim. No. 08-00006-04-CR-W-GAF |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOVANT'S MOTION PURSUANT TO 28 U.S.C. § 2255

Movant, Fernando Carrillo, pled guilty in two separate indictments to: (1) being an illegal alien in possession of a firearm in his first indictment; and (2) conspiracy to distribute methamphetamine in his second indictment. Carrillo did not file a direct appeal in either case. Carrillo has now filed the instant motion, seeking to have this Court vacate his sentence in his second case.

Carrillo appears to allege that this Court applied the Sentencing Guidelines as mandatory; and that there is a new Supreme Court ruling allowing district courts to resentence defendants to run a sentence for a violation of 18 U.S.C. § 924(c) concurrent with a sentence for an underlying drug or crime of violence conviction. However, Carrillo waived his right to file post-conviction challenges to his sentence or conviction. Even if Carrillo had not waived his right to bring the instant motion, his claims are without merit.

Carrillo was sentenced in two separate criminal cases in the Western District of Missouri. On September 29, 2006, Carrillo pled guilty, in Case No. 05-0002-01-CR-W-HFS, to being an illegal alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). On

January 29, 2007, Carrillo was sentenced to 50 months' imprisonment. The judgment and commitment order was filed on February 14, 2007.

Subsequently, on January 16, 2008, in Case No. 08-0006-04-CR-W-GAF, a second indictment was returned charging Carrillo with conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count One), and aiding and abetting the distribution of 50 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2 (Count Two). The drug charges did not stem from the same offense conduct as the firearm charged in Carrillo's first indictment.

Carrillo pled guilty, pursuant to a written plea agreement, to Count One of the second indictment on September 9, 2008. Through the plea agreement, Carrillo specifically waived his right to appeal or file post-conviction motions challenging his conviction or sentence.

On May 14, 2009, Carrillo was sentenced to 151 months' imprisonment. This Court ordered Carrillo's 151-month sentence to run consecutively to the 50-month sentence imposed in Case No. 05-00002-01-CR-W-HFS, pursuant to U.S.S.G. § 5G1.3(c). Count Two of the second indictment was dismissed at sentencing.

Carrillo did not file an appeal, abiding by the appeal waiver contained in his plea agreement. On May 17, 2010, Carrillo filed the instant motion, seeking to vacate his sentence in relation to the second indictment.

In his § 2255 motion, Carrillo presents two claims for relief, that: (1) this Court applied the Sentencing Guidelines as mandatory; and (2) there is a new Supreme Court ruling allowing district courts to resentence defendants to run their sentence for a violation of 18 U.S.C. § 924(c) concurrent

with their drug sentence. However, Carrillo waived his right, through his valid plea agreement, to file post-conviction challenges to his sentence or conviction in relation to the second indictment. Accordingly, Carrillo's motion is subject to dismissal.

Further, even if these claims were not procedurally barred, the allegations that this Court applied the Sentencing Guidelines to Carrillo as mandatory, or that a new Supreme Court ruling impacts his sentence, are contrary to the law. First of all, Carrillo was sentenced on May 14, 2009, well after the Supreme Court decision that overturned the mandatory Guidelines, and he has not provided any evidence that this Court applied the Sentencing Guidelines as mandatory. Second, Carrillo pled guilty to violating § 922(g)(5)(A), not § 924(c)(1)(A), and therefore, a new Supreme Court ruling allowing district courts to resentence defendants to run their sentences for a violation of § 924(c) concurrent with their drug or violent crime sentences would not be applicable to Carrillo.

Although there are narrow exceptions to the enforceability of appeal waivers, such as when the district court imposes an "illegal sentence," *i.e.*, a sentence in excess of the statutory maximum, or where the enforcement of such a waiver would result in "manifest injustice," *Andis, id.* at 891-92, Carrillo does not argue that the waiver is unenforceable for these or any other reasons. In fact, he does not even mention the waiver in his motion. Since Carrillo has not made a claim of an illegal sentence or manifest injustice, he has waived his right to bring these claims in accordance with his plea agreement terms.

Even if Carrillo is claiming a change in the state of the law based on Supreme Court rulings, such an occurrence will not invalidate a knowing and voluntary waiver of these rights. *See United States v. Reeves*, 410 F.3d 1031, 1034-35 (8th Cir. 2005) (rejecting argument that new Supreme Court precedent invalidated waiver). Indeed, in *Reeves*, the Eighth Circuit specifically reaffirmed

that "a voluntary plea of guilty intelligently made in light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Reeves*, 410 F.3d at 1035 (quotations omitted). The failure to anticipate a change in the law simply does not invalidate a plea. *Id.* at 1034.

Even if the court were to consider the motion as not having been waived, it is without merit. In Carrillo's first claim, he suggests that this Court applied the Sentencing Guidelines as mandatory. The Sentencing Guidelines became advisory after *United States v. Booker*, 543 U.S. 220 (2005), which was decided on January 12, 2005. Carrillo was sentenced, in his second case, on May 14, 2009, well after the decision in *Booker*. Carrillo provides no evidence, other than his bare assertion, that he was sentenced under the mandatory Guidelines regime rather than advisory Guidelines. This court did not consider the Guidelines as mandatory at the time of Carrillo's sentencing.

Even a *pro se* movant must identify facts that support his claims of error. *See, e.g., Blackledge v. Allison*, 431 U.S. 63, 75-75 (1977); *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985); *Burleson v. United States*, 340 F.2d 387, 390 (8th Cir. 1965); *see also* Rule 2(b)(2) of the Rules Governing Section 2255 Proceedings. Here, Carrillo provides no facts or evidence. He simply makes a bald allegation of error without any support.

The claim raised by Carrillo must go beyond a mere allegation and must not be so incredulous as to be unbelievable. "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985); *see also Carpenter v. United States*, 720 F.2d 546, 548

4

(8th Cir. 1983) (conclusory allegations are insufficient to rebut the presumption of competency granted to defense counsel).

Furthermore, this claim is foreclosed in a § 2255 motion because Carrillo did not raise it on direct appeal. Petitioners cannot allege claims for the first time in a § 2255 motion that they failed to raise on appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal") (internal citation omitted); *United States v. Frady*, 456 U.S. 152, 165 (1982) ("a collateral challenge may not do service for an appeal"). Failing to raise issues on direct appeal constitute a procedural default that normally bars consideration of those claims for the first time in a § 2255 motion.

For these reasons, Carrillo's first claim is without merit.

In his second claim, Carrillo asserts there is a nnew Supreme Court ruling allowing district courts to resentence defendants to run their sentence for a violation of § 924(c) concurrent, rather than consecutive, with the underlying drug or violent crime sentences. It is unclear from Carrillo's motion, but it appears he may be referencing two cases which were granted certiorari by the Supreme Court.

In January 2010, the Supreme Court granted a petition for writ of certiorari in *Gould v. United States,* 130 S.Ct. 1283 (2010), and consolidated it with *Abbott v. United States*, 130 S.Ct. 1284 (2009) (granting certiorari). The issue in these cases is whether a mandatory minimum sentence, required by 18 U.S.C. § 924(c)(1)(A), applies to a count when another count already carries a greater mandatory minimum sentence. The issue revolves around the interpretation of the term "any other provision of law" in § 924(c)(1)(A). The applicable section requires a mandatory consecutive sentence "[e]xcept to the extent that a greater minimum sentence is otherwise provided

5

by this subsection or by any other provision of law." 18 U.S.C. § 924(c)(1). Eighth Circuit law currently holds that the 'greater minimum sentence' clause of § 924(c)(1)(A) applies only to firearm-related conduct proscribed by § 924(c)(1). *United States v. Alaniz*, 235 F.3d 386, 389 (8th Cir. 2000).

However, neither *Abbott* nor *Gould* would impact Carrillo's sentence. Carrillo was convicted of being an illegal alien in possession of firearm, a violation of 18 U.S.C. § 922(g)(1)(A). He was not convicted of § 924(c)(1)(A), possession of firearm in furtherance of a drug trafficking or violent crime. Carrillo was sentenced to a drug crime that carried a mandatory minimum sentence of 10 years' imprisonment, and pursuant to the policy statement under U.S.S.G. § 5G1.3(c), the court had the following options:

> In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to *run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment* to achieve a reasonable punishment for the instant offense.

(Emphasis added.)

A defendant's sentence for his drug offense may be imposed, at the discretion of the court, to run *consecutively* to his undischarged term of imprisonment under § 5G1.3(c). Here, this Court chose to run Carrillo's sentence for the drug offense consecutive to his prior firearms offense, which he was already serving. The pending Supreme Court cases have no bearing on Carrillo's sentence.

Being that Carrillo was sentenced for § 922(g)(1)(A), not § 924(c)(1)(A), and that the district court properly exercised its discretion under § 5G1.3(c) to run Carrillo's drug sentence consecutively to his already imposed firearm conviction, his claim is without merit.

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (2008) (internal quotation marks omitted). "No hearing is

6

required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id.* (quoting *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007)); *see also Sanders v. United States*, 347 F.3d 720, 721 (8th Cir. 2003) (a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitled him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

Carrillo can appeal the denial of his § 2255 motion to the court of appeals only if this Court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability should be issued only if Carrillo can make a substantial showing of the denial of a constitutional right or raise an issue that is debatable among jurists of reason or deserving of further proceedings. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Each of Carrillo's claims fails as a matter of law, and the merits of those claims are not debatable among reasonable jurists or deserving of further consideration. Consequently, a certificate of appealability is denied.

WHEREFORE, for the reasons stated herein, Carrillo's motion seeking § 2255 relief is denied without an evidentiary hearing and without issuance of a certificate of appealability.

                                           s/ Gary A. Fenner
                                           Gary A. Fenner, Judge
                                           United States District Court

DATED: August 25, 2010